IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:08-904-RMG |
| | ) | |
| Guillermo Salazar-Velasquez, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

Defendant has moved for reconsideration of the Court's earlier order denying his motion for a sentence reduction under Amendment 821. (Dkt. No. 153). In reviewing Defendant's motion for reconsideration, the Court realized that it had erred in stating the basis of the determination that Defendant was not entitled to relief under Amendment 821. Consequently, the Court grants Defendant's motion for reconsideration, vacates its prior order (Dkt. No. 92), and issues a new order set forth below.

Defendant was sentenced on April 20, 2010 to 240 months of incarceration followed by 10 years of supervised release after pleading guilty to Conspiracy to Possess with Intent to Distribute and Distribution of 50 grams or more of Cocaine Base and One Kilogram of Heroin (Count One); Possession with Intent to Distribute 50 grams or more of Cocaine Base and One Kilogram of Heroin (Count Two); and Importation of 50 grams or more of Cocaine Base and One Kilogram or more Heroin (Count 3). Each count carried a mandatory minimum sentence of 20 years up to Life. (Dkt. No. 43, 44).

Defendant was determined at sentencing to have 5 criminal history points, two of which were due to having committed his new offenses while on supervised release for prior drug offenses.

1

(Dkt. No. 43 at 7). This placed Defendant in a Criminal History Category of III. Defendant was also determined at sentencing to have a Total Offense Level of 35, which produced (absent a mandatory minimum sentence) a guideline range of 210-262 months. However, due to Defendant's mandatory minimum sentence of 240 months, his guideline range was 240-262 months. (Dkt. No. 45). Defendant was sentenced by then Senior United States District Judge Michael Duffy to 240 months.

Subsequent changes to the sentencing guidelines with the First Step Act reduced Defendant's total offense level from 35 to 33. With a Criminal History Category of III and a Total Offense Level of 33, Defendant's guidelines (absent a mandatory minimum sentence) would have been 168-210 months. However, with Defendant's mandatory minimum sentence of 240 months, Defendant's sentencing guideline was 240 months. Consequently, Defendant's motion for a sentencing reduction under the First Step Act was denied. (Dkt. No. 72, 73).

Defendant confronts the same issue in the most recent changes to the sentencing guidelines with Amendment 821. Defendant is correct in his motion to reconsider that his Criminal History Category has been reduced to II from III due to the elimination of additional criminal points for the commission of a new criminal offense while still under an existing criminal sentence for defendants with less than seven criminal history points. USSG § 4A1.1(e). Defendant's new sentencing guideline with a Total Offense Level of 33 and a Criminal History Category of II is 151-188 months. However, due to his mandatory minimum sentence, Defendant's sentencing guideline remains 240 months. (Dkt. No. 149).

Based on the foregoing, Defendant's motion for a sentencing reduction (Dkt. No. 153) is **DENIED**.

    **AND IT IS SO ORDERED**.

                                    s/ Richard Mark Gergel
                                    Richard Mark Gergel
                                    United States District Judge

March 25, 2025
Charleston, South Carolina